1  SNELL & WILMER L.L.P.

2  Deborah A. Gubernick, Bar No. 242483
   dgubernick@swlaw.com
3  Aliya L. Astaphan, Bar No. 340162
   aastaphan@swlaw.com
4  Morgan R. Povinelli (*pro hac vice*
   *forthcoming*)
5  mpovinelli@swlaw.com
   600 Anton Blvd., Suite 1400
6  Costa Mesa, California 92626-7689
   Telephone: 714.427.7000
7  Facsimile: 714.427.7799

8
   *Attorneys for Plaintiffs Vacu Activ Marcin*
9  *Leśniak and VABody*

10           UNITED STATES DISTRICT COURT

11           CENTRAL DISTRICT OF CALIFORNIA

12

13  VACU ACTIV MARCIN LESNIAK, a      Case No. 2:25-cv-10016
    Poland sole proprietorship; VABody, a
14  California corporation, and Marcin       **COMPLAINT FOR:**
    Leśniak, an individual,
15                                      **1. FALSE DESIGNATION OF**
                   Plaintiffs,             **ORIGIN (15 U.S.C. § 1125(a))**
16                                      **2. CALIFORNIA COMMON**
          v.                               **LAW TRADEMARK**
17                                         **INFRINGEMENT**
    NICK LAKHOMOFF, an individual;     **3. UNFAIR COMPETITION (Cal.**
18  and SLIM WELLNESS STUDIO LLC,          **Bus. & Prof. Code § 17200,** *et*
    a California limited liability company,  *seq.***)**
19                                      **4. CYBERSQUATTING (15 U.S.C.**
                   Defendants.             **§ 1125(d));**
20                                      **5. CANCELLATION OF**
21                                         **REGISTERED TRADEMARKS**
                                           **(15 U.S.C. § 1119)**
22

23                                      **AND DEMAND FOR JURY TRIAL**
24

25

26

27        Plaintiffs Vacu Activ Marcin Leśniak, VABody, a California corporation, and

28  Marcin Leśniak, in his individual capacity (collectively, "Plaintiffs"), for their

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 100
CITY NATIONAL 2CAL
LOS ANGELES, CALIFORNIA 90071

Complaint against Defendants Nick Lakhomoff and Slim Wellness Studio LLC (collectively, "Defendants"), allege as follows:

**PARTIES**

1.      Plaintiff Vacu Activ Marcin Leśniak ("Vacu Activ") is a Poland sole proprietorship with the address Modrzewiowa 1, 76-251 Iosino, Stupsk County, Kobylnica Commune, Pomeranian Voivodeship, Poland.

2.      Plaintiff Marcin Leśniak is the founder of Vacu Activ and is a citizen of Poland, doing business for over two decades in the United States, and is engaged in the business of providing cryotherapy devices and related technological advancements, products and services designed to improve beauty, health and wellness.

3.      Vacu Active offers its products and services to the U.S. and Poland via its website https://vacuactiv.com.

4.      Plaintiff VABody ("VABody") is a California corporation with a principal place of business of 5788 W. Adams Blvd., Los Angeles, California 90016.

5.      VABody is the U.S. affiliate of Vacu Activ and is also engaged in the business of providing cryotherapy devices and technological advancements, related products and services designed to improve health and wellness under the website https://vabody.com.

6.      Defendant Nick Lakhomoff ("Lakhomoff") is an individual who, upon information and belief, resides at 510 N. Orlando Avenue, Suite 307, West Hollywood, California 90048.

7.      Lakhomoff is a former distributor of Plaintiffs.

8.      Defendant Slim Wellness Studio LLC ("Slim Wellness") is a California limited liability company with a principal place of business of 510 N. Orlando Avenue, Suite 307, West Hollywood, California 90048, engaged in the business of selling, advertising and distributing cryotherapy devices and related technological advancements, products and services designed to improve health and wellness.

- 2 -                     COMPLAINT

9.      Slim Wellness is doing business as (DBA) Perfect Body Lab.

10.      On information and belief, Slim Wellness is owned and operated by Lakhomoff and Slim Wellness and Lakhomoff have operated as a practical partnership and/or unincorporated association and are alto egos of each other such that Lakhomoff is personally liable for the acts alleged herein because Lakhomoff dominated and controlled Slim Wellness.

## JURISDICTION AND VENUE

11.      The Court has subject matter jurisdiction over Plaintiffs' trademark infringement, trademark cancellation, false advertising, and cybersquatting claims because they arise under federal law, invoking federal question jurisdiction under 28 U.S.C. § 1331, 15 U.S.C. § 1125(a)-(d); and 15 U.S.C. § 1119.

12.      The Court has supplemental jurisdiction over Plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367, because are so related to Plaintiffs' federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

13.      The Court has personal jurisdiction over Defendants because Defendants reside in California and conduct business under the infringing marks in this judicial district. 18 U.S.C. § 2334(a).

14.      Venue is proper in this judicial district because Defendants reside in this judicial district and a substantial part of the events giving rise to the claims occurred from Defendants' acts in this district. 28 U.S.C. § 1391(b)(1).

## FACTUAL BRACKGROUND

### A. Plaintiffs and the VACU ACTIV Marks

15.      Plaintiff Vacu Activ manufactures and sells innovative fitness and cryotherapy devices worldwide, including in the United States.

16.      Since 2003, Plaintiff has invested significant time, effort and expense in the development of its business using VACU ACTIV initially in Poland and later in the U.S. for cryotherapy products and services, and related technological

COMPLAINT

4923-4011-7107

advancements in wellness and fitness.

17.    Since 2010, Plaintiff has used the www.vacuactiv.com website and has used its VACU ACTIV trademark since at least 2013.

18.    Indeed, Plaintiff Marcin Leśniak, as owner of Plaintiffs Vacu Active Marcin Leśniak and VABody,[1] has used and/or licensed to Plaintiffs who have also used the trademarks VACU ACTIV EXTREME, VACU ACTIVE COMBO , VACU ACTIV EXCELLENCE, ACTIV SPA INFRARED, ACTIV ROLL VIBRA ACTIV, ACTIV SUN, ACTIV CRYO, INFRASHAPE, ROLLSHAPE and related marks.

19.    By virtue of first use, Plaintiffs own multiple common law, international and U.S. trademarks associated with Plaintiffs' business, including but not limited to the following:

| Plaintiffs Marks |
|---|
| VACTIV<br>U.S. Reg. No. 7636800 in International Class 28 |
| VACU ACTIV |
|  |
| VACUACTIVUS |
|  |
|  |
| CRYO POLAR BEAR |

---

[1] Plaintiff Vacu Activ Marcin Leśniak is the owner listed on multiple international and U.S. trademark records; for ease of reference; the Plaintiffs collectively refer to the marks as Plaintiffs' marks.

COMPLAINT

4923-4011-7107

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL 2CAL
LOS ANGELES, CALIFORNIA 90071

| |
|---|
|  |
| INFRASHAPE |
| ACTIV CRYO |
| ROLLSHAPE |
| CRYO V2 |

(all, collectively, the "VACU ACTIV Marks").

20. Plaintiffs have advertised and sold cryotherapy devices under the VACU ACTIV trademark for many years and have longstanding common law rights therein.

21. Plaintiffs have spent substantial time, effort, and expense in building the VACU ACTIV Marks and the reputation for quality and goodwill associated therewith.

22. Plaintiffs' website at http://vacuactiv.com advertises and sells goods and services under the well-established VACU ACTIV Marks.

23. As a result of the widespread, continuous, and exclusive use of the VACU ACTIV Marks for fitness and cryotherapy devices, Plaintiffs have established valuable goodwill and consumer recognition associated with the VACU ACTIV Marks and the VACU ACTIV brand.

24. The VACU ACTIV Marks were and have been in use long before Defendants began their infringing use or unlawfully claimed any ownership rights in the VACU ACTIV Marks.

**B. Plaintiffs Hires Defendant as a Distributor**

25. On January 24, 2013, Vacu Activ Marcin Leśniak entered an exclusive distribution agreement with Defendant Slim Wellness Studio, DBA Perfect Body

COMPLAINT

4923-4011-7107

Lab, owned by Defendant Nick Lakhomoff, for the sale of Plaintiff's goods in North America, specifically the United States, Canada, and Mexico (the "Cooperation Agreement").

26.    On information and belief, Defendants have operated as an unincorporated association and/or de facto partnership and are alter egos of each other and Lakhomoff dominates and controls Slim Wellness Studio, DBA Perfect Body Lab and is therefore personally liable for the acts alleged herein.

27.    Under the Cooperation Agreement, Defendants were authorized to use the VACU ACTIV Marks only to advertise, distribute, and sell Plaintiff's fitness and cryotherapy devices in that territory during the contract term.

28.    The Cooperation Agreement was for a period of five years with the ability to renew. On May 31, 2017, the parties renewed the agreement for another five years (i.e., through 2022). Attached hereto as **Exhibit A** is a true and correct copy of the Cooperation Agreement, an annex thereto, and the renewal contract.

29.    The Cooperation Agreement explicitly states the Defendants were to be the exclusive distributors of the "VACU ACTIV MACHINES manufactured by the PRODUCER." *See* Cooperation Agreement ¶ 1.1, Ex. B. The Cooperation Agreement defines PRODUCER Plaintiff Marcin Leśniak.

30.    By signing the Agreement, Defendants also explicitly acknowledged Plaintiff's rights in the VACU ACTIV Marks: "Vacu Activ machine means all brand names, which PRODUCER use[s] for manufacturer goods (equipment[])" *Id.* at ¶ 1.1.

31.    Plaintiff Marcin Leśniak retained all rights to the VACU ACTIV Marks under the Cooperation Agreement and used and or licensed the use of the VACU ACTIV Marks individually or though all Plaintiffs and all such rights inure to the benefit of Plaintiff by operation of law.

32.    Pursuant to the Cooperation Agreement, Defendants were to use the VACU ACTIV Marks solely to market, promote, offer, and sell Plaintiff's fitness

COMPLAINT

4923-4011-7107

1    and cryotherapy devices and related goods.

2    33.    As the exclusive distributor, Defendants had access to Leśniak's

3    branding and confidential and proprietary business plans, customer information,

4    marketing plans, and dealings related thereto.

5    34.    By signing the Cooperation Agreement, Defendants also explicitly

6    acknowledged that any information received pursuant to the Agreement is

7    confidential and cannot be disclosed. *Id.* at ¶ 7.3.

8    35.    In the years that followed the signing of the Cooperation Agreement,

9    Defendants used VACU ACTIV and variations thereof in advertising and sales and

10    promotions pursuant to the parties' Cooperation Agreement.

11    36.    Defendants also started using VACUACTIVUS in, among other things,

12    Defendants' vacuactivus.com website.

13    37.    The Cooperation Agreement ended and the parties negotiated new

14    terms.

15    38.    During the Cooperation Agreement, Marcin Leśniak learned from at

16    least one existing customer that Defendants were making contracts with Plaintiffs'

17    customers directly while cutting Plaintiffs out of the deals.

18    39.    Plaintiff Marcin Leśniak confronted Defendant Nick Lakhomoff who

19    then denied any bad acts.

20    40.    Meanwhile, Defendant Nick Lakhomoff pursued trademark applications

21    and registrations for Plaintiffs' VACU ACTIV Marks in Defendant Nick

22    Lakhomoff's own name.

23    41.    Defendant Nick Lakhomoff then sent WhatsApp messages threatening

24    to block Plaintiffs' use of the VACU ACTIV Marks in various countries even though

25    it was Plaintiff Marcin Leśniak who created and used the VACU ACTIV Marks from

26    the outset.

27    42.    Defendant Marcin Leśniak tried without success to resolve the issues

28    with Defendant Nick Lakhomoff without resorting to litigation.

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL 2CAL
LOS ANGELES, CALIFORNIA 90071

COMPLAINT

4923-4011-7107

43.     Defendant Nick Lakhomoff continues to misrepresent to consumers that he is the original VACU ACTIV, continues to infringe Plaintiffs' VACU ACTIV Marks, and continues to trade off of Plaintiffs' rights and goodwill to advertise, market and sell cryotherapy and fitness devices and related goods without authorization or consent.

44.     Defendants even hired an unauthorized third-party to manufacture cryotherapy and fitness devices using the VACU ACTIV Marks, without Defendant Leśniak's authorization, knowledge, or consent.

45.     Defendants continue to advertise, distribute, and sell infringing cryotherapy and fitness devices and related goods and services using the VACU ACTIV Marks without Defendant Leśniak's authorization or consent.

46.     On August 25, 2025, Plaintiffs' counsel sent Defendant Nick Lakhomoff a cease and desist letter attached hereto as **Exhibit B** regarding not only Defendants' unauthorized use of VACU ACTIV Marks, but also Defendant's willful and intentional acts of pursing registration of marks he knew did not belong to him. Defendant Nick Lakhomoff and all Defendants in this case failed to cease use.

47.     In fact, Defendants Nick Lakhomoff registered and refused to surrender the following VACU ACTIV Marks in the United States:

| Defendants' Infringing Marks |
| --- |
| *VACUACTIVUS*<br><br>U.S. Reg. No. 5895785 in Class 28. |
| VACUACTIVUS/MEDSTARCOM<br>WORLD LEADING MANUFACTURER<br><br>U.S. App. Serial No. 97465292 in Class 28 |

COMPLAINT

4923-4011-7107

Cryo Polar Bear
U.S. Reg. No. 5913300 in Class 10

infrashape
h o r i z o n t a l
U.S. Reg. No. 6051820 in Class 28

CRYO V2

U.S. Reg. No. 6304096 in Class 10

RollShape

ROLLSHAPE
U.S. App. Serial No. 99416028

VACU ACTIV
California Reg. No. 2043763

VACUACTIVUS/MEDSTARCOM
WORLD LEADING MANUFACTURER
California Reg. No. 2025208

VACUACTIVUS/MEDSTARCOM
California Reg. No. 2025208

48.     In applying to federally register these marks, Defendant Nick Lakhomoff falsely declared to the United States Patent and Trademark Office ("USPTO") that he was the owner of the marks sought to be registered and that no other person has the right to use the marks in commerce, when he knew that Plaintiff Marcin Leśniak owned the VACU ACTIV Marks which are identical or highly similar to those Lakhomoff has registered.

49.     In applying to register California Registration Nos. 2043763, 2025208 and 2025208, Defendant Nick Lakhomoff falsely represented to the California Secretary of State that he was the owner of such marks.

50.     By using the marks in commerce in California commerce, and in federal

COMPLAINT

4923-4011-7107

interstate commerce, Defendant Nick Lakhomoff infringed Plaintiff's rights knowingly and intentionally while selling identical goods and services as offered under Plaintiff's VACU ACTIV Marks.

51.    Defendants likewise used and are continuing to infringe Plaintiffs' rights by using a confusingly a domain name that contains and infringes Plaintiff's trademark rights. Specifically, Defendants use the identical or nearly identical domain name vacuactivus.com to advertise, promote, offer, and sell identical and highly similar goods to those sold by Plaintiffs under the VACU ACTIV Marks in the United States and elsewhere without authorization or permission from Plaintiff Marcin Leśniak.

52.    Defendants' use of the VACU ACTIV Marks on or in connection with the same or highly similar goods as Plaintiffs' intentionally misrepresents the source and is a false and misleading representation or omissions that Defendants' goods originate from Plaintiffs when they do not.

53.    Defendants were on actual notice of Plaintiff Marcin Leśniak's exclusive ownership of the VACU ACTIV Marks and that use of Plaintiff's VACU ACTIV Marks were to be made only pursuant to the Cooperation Agreement.

54.    Defendants' infringing use and fraudulent registration of the VACU ACTIV Marks is with knowledge and in bad faith.

55.    Despite notice of infringement, Defendants refused to cooperate even after receiving Plaintiff's cease and desist letter – further evidencing Defendants' willful infringement and bad faith.

**C. Defendants' Intentional Interference with Plaintiffs' Business**

56.    Despite the Cooperation Agreement ending, Defendants have been contacting Plaintiffs' customers for commercial purposes, using Leśniak's marketing materials, and otherwise using Leśniak's propriety business information for Defendants' own competing business.

57.    Defendants have also provided and continue to provide false

4923-4011-7107

information regarding Vacu Activ and the quality of the goods sold under the VACU ACTIV Marks to Plaintiffs' customers and U.S. consumers.

58.    Defendants are intentionally interfering with Plaintiffs' business to deceive consumers and deter them from purchasing goods from Plaintiffs and to purchase from Defendants instead.

59.    As a direct result of Defendants' unfair competition and wrongful actions, Plaintiffs' have been and continue to be harmed, including by losing business and by suffering reputational harm, among other damage.

### FIRST CLAIM FOR RELIEF – ALL DEFENDANTS

### Federal False Designation of Origin [15 U.S.C. § 1125(a)]

60.    Plaintiffs re-allege the allegations in Paragraphs 1 through 59 above as though fully set forth herein.

61.    Plaintiff Marcin Leśniak owns valid, enforceable, and exclusive common law rights for the VACU ACTIV Marks for fitness and cryotherapy devices and related goods and services. The VACU ACTIV Marks identify Plaintiffs as the source of Plaintiffs' products and services. Plaintiffs' Marks are inherently distinctive, and, through Plaintiffs' longstanding use, have come to be associated solely with Plaintiffs as the source prior to the actions of Defendants complained of herein.

62.    Defendants have operated as an unincorporated association and/or de facto partnership and are alter egos of each other and Defendant Lakhomoff dominates and controls Defendant Slim Wellness Studio, DBA Perfect Body Lab and is the moving conscious force behind such entity and therefore all Defendants are jointly and separately liable for the acts alleged herein.

63.    Defendant Nick Lakhomoff as the moving conscious force behind the infringing acts of the other Defendants is individually liable for the acts alleged herein.

64.    Defendants are using the VACU ACTIV Marks in United States

COMPLAINT

4923-4011-7107

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL 2CAL
LOS ANGELES, CALIFORNIA 90071

commerce on or in connection with the advertising, distribution, and sale of fitness and cryotherapy devices and related fitness and wellness goods—the identical and competing products to those offered by Plaintiffs.

65.    Defendants are also intentionally falsely and misleadingly representing that their goods are Plaintiff's or are otherwise associated with, approved, or endorsed by Plaintiffs.

66.    Defendants' use of the VACU ACTIV Marks and false and misleading representations as to the source of such goods have caused and are likely to continue to cause confusion or mistake or to deceive as to the affiliation, connection, association, origin, sponsorship or approval Defendants' goods.

67.    Defendants' infringing use of the VACU ACTIV Marks is intentional and willful and is made knowingly. Defendants had notice and knowledge of VACU ACTIV Marks prior to adopting their infringing VACU ACTIV Marks. Even after express demands to cease and desist, Defendants refused.

68.    Defendants' conduct constitutes trademark infringement, false designation of origin, unfair competition, and misrepresentation of source in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

69.    Defendants' wrongful conduct has harmed Plaintiffs right to control the reputation for quality and goodwill associated with the VACU ACTIV Marks and good sold under the VACU ACTIV Marks in the United States.

70.    Defendants' use has damaged and will continue to cause damage to Plaintiffs unless Defendants are enjoined from further use and registration of the VACU ACTIV Marks; unless enjoined by this Court, Defendants will continue to engage in the aforesaid acts of infringement, thereby causing further irreparable injury for which Plaintiffs have no remedy at law.

71.    Defendants' wrongful conduct is willful and in bad faith, making this an exceptional case for which treble damages are appropriate as detailed in 15 U.S.C. § 1117.

COMPLAINT

4923-4011-7107

72.     Defendants' wrongful conduct is willful and in bad faith, making this an exceptional case for which attorneys' fees and costs may be awarded as detailed in 15 U.S.C. § 1117.

73.     As a direct and proximate result of the foregoing actions by Defendants, Defendants have unfairly profited and are being unjustly enriched and Plaintiff is being injured and damaged.

## SECOND CLAIM FOR RELIEF – ALL DEFENDANTS

### California Common Law Trademark Infringement

74.     Plaintiffs re-allege the allegations in Paragraphs 1 through 73 above as though fully set forth herein.

75.     Plaintiff Marcin Leśniak owns valid, enforceable California common law rights in the distinctive VACU ACTIV Marks for fitness and cryotherapy devices and related fitness and wellness goods by virtue of use in of the VACU ACTIV Marks in commerce.

76.     Plaintiff is the senior user and has priority of rights.

77.     Defendants have operated as an unincorporated association and/or de facto partnership and are alter egos of each other and Defendant Nick Lakhamoff dominates and controls Slim Wellness Studio, DBA Perfect Body Lab and is the moving conscious force behind the actions of this entity and therefore Defendants are jointly and separately liable for the acts alleged herein.

78.     Defendant Nick Lakhomoff, as the moving conscious force behind the acts of all Defendants, is individually liable for the acts alleged herein.

79.     Defendants are using in California intrastate commerce the California common law VACU ACTIV Marks on or in connection with the advertising, distribution, and sale of fitness and cryotherapy devices and related goods that are identical to or compete with Plaintiffs'.

80.     Defendants are also intentionally falsely and misleadingly representing that their goods are Plaintiffs' or are otherwise associated with, approved, or endorsed

COMPLAINT

by Plaintiffs within the state of California and beyond.

81.    Defendants' use of the VACU ACTIV Marks and false and misleading representations as to the source of such goods in California have caused and are likely to continue to cause confusion or mistake or to deceive as to the affiliation, connection, association, origin, sponsorship or approval Defendants' goods in California and beyond.

82.    Consumers are or have been and will continue to be confused by Defendants' infringing conduct.

83.    Defendants' wrongful acts have permitted and will permit them to receive substantial profits based upon the strength of Plaintiffs' reputation and the substantial goodwill Plaintiffs developed in the VACU ACTIV Marks.

84.    Defendants are liable for California common law infringement.

85.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have been damaged by Defendants' unfair and infringing conduct for which remedies at law are inadequate, entitling Plaintiffs to an injunction.

86.    Defendants' actions are willful, and have been committed knowingly and willfully, thereby justifying an award of treble or exemplary damages or profits in addition to Plaintiffs' actual damages.

### THIRD CLAIM FOR RELIEF – ALL DEFENDANTS

### Unfair Business Practices [Cal. Bus. & Prof. Code § 17200 et seq.]

87.    Plaintiffs re-allege the allegations in Paragraphs 1 through 86 above as though fully set forth herein.

88.    Plaintiffs have expended significant time and expense in developing the VACU ACTIV Marks and the high-quality products and services they market and sell under those marks. The VACU ACTIV Marks have been successful and have developed a reputation for quality and goodwill in the marketplace.

89.    Through their wrongful conduct, Defendants have misappropriated Plaintiffs' efforts and are exploiting the VACU ACTIV Marks and Plaintiffs'

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL 2CAL
LOS ANGELES, CALIFORNIA 90071

4923-4011-7107

reputation to market and sell their services under the VACU ACTIV Marks. These actions constitute unfair competition.

90.    As alleged in detail above, Defendants' use and advertising of VACU ACTIV Marks in the state of California without authorization constitutes unlawful, unfair or fraudulent business acts or practices within the meaning of California Business and Professions Code Section 17200.

91.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will continue to be damaged. Defendant Nick Lakhomoff was a moving conscious force in the unlawful, unfair or fraudulent business acts or practices alleged herein. The entity Defendant is controlled by and is a practical partnership of and alter ego of Nick Lakhomoff and is likewise liable for the same acts.

92.    Plaintiffs have suffered injury in fact and has lost money or property as a result of Defendants' unfair competition in the form of damage to its goodwill, lost sales, loss of its intellectual property and other actual damages.

93.    The harm to Plaintiffs and to members of the general public outweighs the utility of Defendants' business practices.

94.    The unlawful, unfair and fraudulent business practices of Defendants, as described herein, constitute a continuing threat to members of the public in that they have caused and are likely to cause confusion as to the source of Defendants' products and services in that the general public is likely to believe that Defendants' products and services originate from, or are affiliated or associated with Plaintiffs, or are otherwise sponsored or endorsed by Plaintiffs.

95.    As a direct and proximate result of Defendants' wrongful acts as alleged herein, Defendants obtained unlawful profits to the determinant of Plaintiffs.

96.    Unless restrained, Defendants will continue the acts and conduct set forth in this cause of action, to Plaintiffs' great and irreparable injury, for which damages will not afford adequate relief. Plaintiffs are therefore entitled to an

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL 2CAL
LOS ANGELES, CALIFORNIA 90071

1    injunction prohibiting Defendants' wrongful acts.

2        97.    Defendants committed the wrongful acts willfully, intending to gain

3    business and a share of the market and/or to exclude Plaintiffs from the market by

4    riding on Plaintiffs' reputation and goodwill. Defendants' conduct justifies an award

5    of treble or exemplary damages or profits.

6        98.    Upon proof, Plaintiff is entitled to recover its costs, including attorneys'

7    fees, under California Code of Civil Procedure Section 1021.5.

8        **FOURTH CLAIM FOR RELIEF – ALL DEFENDANTS**

9    **Violation of Anticybersquatting Consumer Protection Act [15 U.S.C. § 1125(d)]**

10        99.    Plaintiffs re-allege the allegations in Paragraphs 1 through 98 above as

11    though fully set forth herein.

12        100.    This is a claim for cybersquatting under the Lanham Act, 15 U.S.C. §

13    1125(d) arising from Defendants' bad faith intent to profit from Plaintiffs' VACU

14    ACTIV Marks and registration and use of the infringing http://vacuactivus.com

15    domain name (the "Infringing Domain").

16        101.    The Infringing Domain is confusingly similar to Plaintiffs' VACU

17    ACTIV Marks because it incorporates the mark VACU ACTIV and variations

18    thereof -- VACUACTIV and VACUACTIVUS.

19        102.    Plaintiffs' VACU ACTIV Mark was distinctive and in use prior to

20    Defendants registering the Infringing Domain.

21        103.    All Defendants are liable for this claim because they directed,

22    controlled, ratified, participated in or were the moving conscious force behind the

23    acts associated with the infringement, unauthorized use of trademark in the domain

24    and website, and the actions constituting this Violation of Anticybersquatting

25    Consumer Protection Act.

26        104.    Defendants registered or caused to be registered, trafficked in and/or

27    used the Infringing Domain Name with a bad faith intent to profit from Plaintiffs'

28    VACU ACTIV Marks.

COMPLAINT

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL 2CAL
LOS ANGELES, CALIFORNIA 90071

4923-4011-7107

105.   Defendants have used the Infringing Domain to promote their own competing goods and services with the intent to divert consumers from Plaintiffs and to their website for Defendants' commercial gain.

106.   Defendants' use of the Infringing Domain is for goods and services that are identical to and/or confusingly similar to Plaintiffs' goods and services and for products that are complementary to Plaintiffs products and services.

107.   Defendants are willfully and intentionally aiming to create consumer confusion through the Infringing Domain.

108.   Defendants' actions violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (the "ACPA").

109.   As a result of Defendants' willful and intentional acts, Plaintiffs have been damaged in an amount to be proven at trial.

110.   Defendants' registration, trafficking in, and/or use of the Infringing Domain has caused and will continue to cause irreparable harm, unless enjoined by this Court, and will continue to damage and injure Plaintiff.

111.   Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1117(d) in the amount of $100,000 per Infringing Domain for violation of 15 U.S.C. § 1125(d)(1)(A).

112.   Plaintiffs is likewise entitled to injunctive relief, including transfer of the Infringing Domain to Plaintiffs.

## FIFTH CLAIM FOR RELIEF – AGAINST DEFENDANT LAKHOMOFF

### Cancellation of Registered Trademarks [15 U.S.C. § 1064(1),(3)]

113.   Plaintiffs re-allege the allegations in Paragraphs 1 through 112 above as though fully set forth herein.

114.   Defendant Nick Lakhomoff is the owner of U.S. Trademark Registration Nos. 5895785, 5913300, 6051820 and 6304096 for the marks shown below (collectively, the "Infringing Registrations"):

COMPLAINT

4923-4011-7107



U.S. Reg. No. 5895785 in Class 28

U.S. Reg. No. 5913300 in Class 10

U.S. Reg. No. 6051820 in Class 10 and 28

U.S. Reg. No. 6304096 in Class 10

U.S. Reg. No. 5885219 in Class 10

115.   Attached as **Exhibit C** is a true and correct copy of the Registration Certificate Issued to Defendant Lakhomoff for the infringing VACUACTIVUS (Stylized) mark, Registration Number 5895785 (the "Defs. VACUACTIVUS Reg.").

116.   Attached as **Exhibit D** is a true and correct copy of the Registration Certificate issued to Defendant Lakhomoff for the infringing Cryo Polar Bear (Design) mark, Registration Number 5913300 (the "Defs. Polar Bear Reg.").

117.   Attached as **Exhibit E** is a true and correct copy of the Registration Certificate issued to Defendant Lakhomoff for the infringing INFRASHAPE (Stylized) mark, Registration Number 6051820 (the "Defs. INFRASHAPE Reg.").

118.   Attached as **Exhibit F** is a true and correct copy of the Registration Certificate issued to Defendant Lakhomoff for the infringing CRYO V2 (Stylized) mark, Registration Number 6304096 (the "Defs CRYO V2 Reg.").

119.   Attached as **Exhibit G** is a true and correct copy of the Registration

COMPLAINT

4923-4011-7107

Certificate issued to Defendant Lakhomoff for the infringing ACTIVECRYO (Stylized) mark, Registration Number 5885219 in Class 10 (the "Defs ACTIVECRYO Reg.").

120.   Section 37 of the Lanham Act, 15 U.S.C. § 1119 empowers federal courts to order the cancellation of federally registered trademarks in "any action involving a registered mark . . ." and therefore Plaintiffs include the cancellation claim herein for the purposes of judicial economy and efficiency.

**A. Cancellation for Fraud: False Declaration and False Use Dates**

121.   A registered mark may be cancelled at any time if the registrant committed fraud in its procurement or maintenance. 15 U.S.C. § 1064(3). A registrant commits fraud when it knowingly makes a false, material representation in any sworn declaration submitted to the United States Patent and Trademark Office ("USPTO") with the intent to deceive the USPTO. *See In re Bose Corp.*, 580 F.3d 1240, 1245 (Fed. Cir. 2009).

122.   Plaintiff Marcin Leśniak and his businesses owned, adopted, used and licensed for use the VACU ACTIV Marks long before Plaintiffs applied to register the Infringing Registrations.

123.   Plaintiff owns common law rights in and to the VACU ACTIV Marks.

124.   The Infringing Registrations are identical to, or nearly identical to the VACU ACTIV Marks.

125.   Plaintiff used its marks in commerce prior to Defendant filed, used and registered its Infringing Registrations.

126.   Defendant obtained the Infringing Registrations shown in Exhibits C-F.

127.   On information and belief, knowing that Plaintiff Marcin Leśniak and his businesses owned rights to the VACU ACTIV Marks, Defendant made the false material representation in sworn declaration to the USPTO for the each of the Infringing Registrations as follows:

"To the best of the signatory's knowledge and belief, no other

COMPLAINT

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL PLAZA
LOS ANGELES, CALIFORNIA 90071

persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive." And that "To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support."

128.    This statement is false because Plaintiff Marcin Leśniak is in fact a current user with the right to use the mark in commerce in identical or near identical form.

129.    Defendant made the materially false representation with the intent to deceive the USPTO, as Defendant knew that Plaintiff Marcin Leśniak is the owner of the marks shown in the Infringing Registrations.

130.    Indeed, Defendant worked for Plaintiff Marcin Leśniak when the VACU ACTIV Marks were created, adopted, and launched by and for the benefit of Plaintiffs, yet Defendant adopted identical and nearly identical marks and applied for those marks in the Infringing Registrations.

131.    Defendant knew that the marks in the Infringing Registrations would be used for the same goods/services as those offered by Plaintiff under Plaintiff's VACU ACTIV Marks and willfully sought to register them for his own benefit, despite knowing Plaintiffs' rights. Furthermore, Defendant knew confusion would be likely and knew of the similarity of the mark sand the goods/services—and went forward with the Infringing Registrations to take a short-cut to market, making false statements to the USPTO, for his own personal gain.

132.    Defendant also made false statements of fact indicating the mark shown in Defs. VACUACTIVUS Reg. was in use "at least as early as 02/01/2012." The Trademark Act defines "use in commerce" as "the bona fide use of a mark in the

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL PLAZA
LOS ANGELES, CALIFORNIA 90071

4923-4011-7107

ordinary course of trade, and not made merely to reserve a right in a mark."

133.   On information and belief, the use date claimed in Defs. VACUACTIVUS Reg. is patently false with no indication of use in the year 2012 whatsoever.

134.   Defendant knew the USPTO would rely on Defendant's declaration in its application. The USPTO did in fact rely on the false statement when granting Defs. VACUACTIVUS Reg. and absent this false representation and false statement, Defs. VACUACTIVUS Reg. would not have been granted.

135.   Plaintiffs believe that they have been and will continue to be damaged by Defs. VACUACTIVUS Reg. and it is likely to cause confusion, mistake or to deceive the consuming public and that Plaintiffs' rights will be diminished by the continued registration thereof. Accordingly, this court may order the cancellation of Defs. VACUACTIVUS Reg.

136.   Likewise, on information and belief, Defendant made false statements of fact indicating the mark shown in Defs. Polar Bear Reg. was in use "at least as early as 12/01/2017." The Trademark Act defines "use in commerce" as "the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark, and such use must be within the United States.

137.   On information and belief, Defendant had no such use in the United States on 12/01/2017 and the USPTO relied on this false statement when granting Defs. Polar Bear Reg.

138.   On information and belief, Defendant made false statements of fact indicating the mark shown in Defs. INFRASHAPE Reg. was in use "at least as early as 12/12/2016." The Trademark Act defines "use in commerce" as "the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark. Use must be within the United States.

139.   On information and belief, Defendant had no such use in the United States on 12/12/2016 and the USPTO relied on this false statement when granting

COMPLAINT

4923-4011-7107

Defs. INFRASHAPE Reg.

140.   And, on information and belief, defendant made false statements of fact indicating the mark shown in Defs. CRYO V2 Reg. was in use "at least as early as 04/01/2019." The Trademark Act defines "use in commerce" as "the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark. Use must be in the United States.

141.   On information and belief, Defendant had no such use of the mark in Defs. CRYO V2 Reg. in the Unted States on 04/01/2019 and the USPTO relied on this false statement when granting Defs. CRYO V2 Reg.

142.   Likewise, on information and belief, Defendant made false statements of fact indicating the mark shown in Defs. ACTIVE CRYO Reg. was in use "at least as early as 12/01/2017." The Trademark Act defines "use in commerce" as "the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark, and such use must be within the United States.

143.   On information and belief, Defendant had no such use in the United States on 12/01/2017 and the USPTO relied on this false statement when granting Defs. ACTIVE CRYO Reg.

144.   Ultimately, Defendant made the many materially false representations described above with the intent to deceive the USPTO, knowing Plaintiff Leśniak is the owner of the VACU ACTIV Marks and knowing the used-dates claimed by Defendant were utilized to gain not only registration, but to gain an advantage over Plaintiffs—and to "block" Plaintiff's efforts to register Plaintiff's marks—just as Defendant Lakhomoff threatened he would.

145.   Plaintiff is entitled to cancellation of the Infringing Registrations.

**B. Cancellation: Priority/Likelihood of Confusion**

146.   A registered mark may also be cancelled if it resembles a mark previously used in the U.S. by another and not abandoned. *See* 15 U.S.C. § 1052(d); *see Plam Bay Imports Inc. v. Vueva Clicquot Ponsardin Maison Fondee En* 1772,

4923-4011-7107

396 F.3d 1369 (Fed. Cir. 2005); *see also Kohler Co. v. Baldwin Hardware Corp*., 82 USPQ2d 1100, 1113 (TTAB 2007) (doubt resolved in favor of prior user).

147.    Plaintiff's VACU ACTIV Marks were used by Plaintiffs and for Plaintiffs benefit prior to the marks shown in Defendant's Infringing Registrations.

148.    Defendant secured the Infringing Registrations despite the open rights of Plaintiff. At no time has Plaintiff abandoned its rights within the meaning of Section 45 of the Trademark Act, 15 U.S.C. § 1127 by ceasing all use with no intent to resume use. Indeed, Plaintiff has priority of rights by virtue of use prior to Defendant and his affiliated entity.

149.    The marks in the Infringing Registrations so resemble the VACU ACTIV Marks that the consuming public has been and is likely to be confused, mistaken or deceived into believing the Defendant's Infringing Registrations are in some way related to, associated with or sponsored by Plaintiffs when that is currently not the case.

150.    Plaintiffs believe that they have been and will continue to be damaged by Defendant's Infringing Registrations.

151.    This Court may order the cancellation of Defendant's Infringing Registrations and order the Registrations removed from the USPTO's register.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays that the Court enter judgment against Defendants as follows:

a.    For an award of actual damages according to proof, but in no event less than $3,000,000;

b.    For disgorgement of Defendants' profits;

c.    For reasonable attorney's fees and costs of suit;

d.    For pre-judgment interest on all amounts claimed as permitted by law;

e.    For an order of permanent injunction, enjoining Defendants from using the VACU ACTIV Marks, or any confusingly similar trademarks, tradenames, or

COMPLAINT

4923-4011-7107

domain names that include the terms VACU ACTIV, VACUACTIVUS, VACTIV, VABODY, VACUACTIVUS/MEDSTARCOM WORLD LEADING MANUFACTURER, VACUACTIVUS/MEDSTARCOM, CRYO POLAR BEAR, INFRASHAPE HORIZONTAL, ACTIVE CRYO, ROLLSHAPE, and CRYO V2, and all design variations thereof, alone or in combination with any other word(s), term(s), designation(s), mark(s), or design(s), as well as all similar marks and names, and the domain name vacuactivus.com and all similar domain names any confusingly similar mark or variation in connection with the advertising, sale, distribution and marketing of cryotherapy and fitness and wellness related devices or fitness and wellness services of any kind;

f.      For entry of judgment in favor of Plaintiffs and against Defendants on each claim alleged in this Complaint;

g.      For an order enjoining Defendants, their employees, owners, agents, officers, directors, attorneys, representatives, affiliates, subsidiaries, successors, assigns, and all those in active concert or participation from making false or misleading statements or omissions to interfere with Plaintiffs' business for Defendants' commercial gain;

h.      For an order requiring Defendants to cease purchasing any adwords or engaging in any advertising, marketing, and search engine optimization strategies utilizing the VACU ACTIV Marks;

i.      For an order requiring Defendants to deliver up for destruction all literature, signs, billboards, labels, prints, packages, wrappers, containers, advertising materials, stationery, and other items in their possession, custody, or control that use the VACU ACTIV Marks or similar marks pursuant to 15 U.S.C. § 1118;

j.      For an order requiring Defendants to file with the Court and serve on Plaintiffs within thirty (30) days after entry of an injunction, a report in writing under oath setting forth in detail the manner in which Defendants have complied with the Court's injunction.

4923-4011-7107

1     k.     For an order directing the USPTO to cancel U.S. Reg. Nos. 5,895,785;
2   5,913,300; 6,051,820; 6,304,096 owned by Lakhomoff pursuant to 15 U.S.C. § 1119,
3   or, in the alternative, order Lakhomoff to assign those registrations to Plaintiffs.

4     l.     For  an  order  requiring  Defendants  to  transfer  the  domain
5   vacuactivus.com;

6     m.    At Plaintiffs' election before final judgment, an award to Plaintiffs of
7   statutory damages of $100,000 per Infringing Domain pursuant to 15 U.S.C.
8   § 1117(d) for violation of 15 U.S.C. § 1125(d)(1)(A);

9     n.     For an order requiring Defendants to engage in corrective advertising to
10  restore, to the fullest extent possible, the value of Plaintiffs' intellectual property and
11  goodwill;

12     o.     For trebling of damages or profits pursuant to 15 U.S.C. § 1117;

13     p.     For punitive damages; and

14     q.     For such other further relief as the Court may deem just and proper.

15                               **JURY DEMAND**

16     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by
17  jury on all claims and issue so triable.

18

19  Dated: October 20, 2025               SNELL & WILMER L.L.P.
20

21

22                         By:  _____
23                             Deborah A. Gubernick
                               Aliya L. Astaphan
                             Morgan R. Povinelli (*pro hac vice*
24                             *forthcoming*)

25                           *Attorneys for Plaintiffs Vacu Activ*
                             *Marcin Leśniak, VABody and Marcin*
26                             *Leśniak*

27

28

- 25 -                COMPLAINT