SNELL & WILMER L.L.P.
Deborah A. Gubernick, Bar (SBN 242483)
dgubernick@swlaw.com
Aliya L. Astaphan, Bar No. 340162
aastaphan@swlaw.com
Morgan R. Povinelli (*pro hac vice*)
mpovinelli@swlaw.com
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799

*Attorneys for Plaintiffs Vacu Activ Marcin Leśniak, VABody and Marcin Leśniak*

SILC, P.C.
Sergiy M. Sivochek (SBN 270667)
600 West Broadway, Ste. 700
San Diego, CA 92101
Telephone: (323) 201-2701
Email: sivochek@sivochek.com

*Attorneys for Defendants NICK LAKHOMOFF AND SLIM WELLNESS STUDIO LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VACU ACTIV MARCIN LESNIAK, a Poland sole proprietorship; VABody, a California corporation, and MARCIN LEŚNIAK, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>NICK LAKHOMOFF, an individual; and SLIM WELLNESS STUDIO LLC, a California limited liability company,<br><br>Defendants. | Case No. 2:25-cv-10016-JFW (RAOx)<br><br>Judge: Hon. John F. Walter<br>Magistrate Judge: Hon. Rozella A. Oliver<br><br>**[Discovery Matter]**<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**[1]<br><br>Complaint Filed: October 20, 2025<br>Trial Date: August 17, 2027 |

1. PURPOSES AND LIMITATIONS

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. GOOD CAUSE STATEMENT

This Action directly places alleged trade-secret misappropriation and the ownership, acquisition, use, and disclosure of confidential commercial and technical information at issue. Discovery is expected to include, among other things: nonpublic customer, prospective-customer, distributor, reseller, supplier, and manufacturer identities and contact information; customer needs, preferences, purchasing histories, account-specific terms, and decision-making processes; quotations, pricing, margins, discounts, commissions, negotiation strategies, sales data, forecasts, profitability analyses, and financial records; supplier, sourcing, manufacturing, and logistics arrangements; product specifications, engineering and design input, testing information, certifications, quality-control requirements, technical drawings, product-development information, and manufacturing methods; business plans, market-entry strategies, marketing plans, distributor networks, territory assignments, product-rollout plans, and competitive strategies; confidential third-party information; and passwords, credentials, security information, and other information capable of causing commercial or security harm if disclosed.

The Parties operate or have operated in overlapping markets. Disclosure of the

most sensitive categories of such information to another Party or to persons involved in pricing, sourcing, product development, customer solicitation, marketing, territorial planning, or other competitive decision-making could enable targeted solicitation of customers and distributors, pricing undercutting, circumvention of business relationships, replication or acceleration of product development, disruption of supplier or manufacturing relationships, or other serious commercial injury that could not reasonably be prevented by the ordinary “CONFIDENTIAL” designation.

Good cause therefore exists under Federal Rule of Civil Procedure 26(c)(1)(G) for two levels of protection: “CONFIDENTIAL” and, to be used sparingly, “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY.” No material may be designated merely because it is embarrassing, unfavorable, commercially inconvenient, or relevant to a disputed issue. Each designation must be based on a document-specific, good-faith determination that the material satisfies the applicable definition and has been maintained as nonpublic.

3. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 15.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. Moreover, the Standing Order in this case [Dkt. 14 p. 15-16] sets forth requirements for filings under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony Elecs., Inc.*,

187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons—not only good cause—for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons supported by specific facts and legal justification for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

4. DEFINITIONS

4.1 Action: the instant action: *Vacu Activ Marcin Lesniak, a Poland sole proprietorship, et al. v. Nick Lakhomoff, et al.*, Case No. 2:25-cv-10016-JFW (RAOx)

4.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3 Confidential and Highly Confidential Information or Items.

(a) "CONFIDENTIAL" Information or Items: information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as specified in the Good Cause Statement, but that do not require the heightened protections applicable to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material.

(b) "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Protected Material containing trade secrets or exceptionally sensitive, nonpublic commercial, financial, technical, product-development, customer-specific, supplier-specific, sourcing, pricing, margin, sales, marketing, security, credential, or competitive information, the disclosure of which to another Party or to its officers, directors, employees, House Counsel, owners, members, agents, business advisers, or other persons involved in competitive decision-making would create a substantial risk of serious competitive or commercial harm that could not reasonably be avoided by less restrictive means. This designation shall be used sparingly and shall not be applied solely because information is sensitive, embarrassing, unfavorable, or important to a claim or defense. The terms "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "ATTORNEYS' EYES ONLY," and "AEO" are interchangeable and have the same meaning under this Order.

4.4 Counsel: Outside Counsel of Record (as well as their support staff).

4.5 Designating Party: a Party or Non-Party that designates Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") under this Order.

4.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

4.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, but who is not (a) an officer, director, employee, or agent of a Party; or (b) currently engaged in competitive decision-making for a Party or a direct competitor of the Designating Party. "Competitive decision-making" means participation in decisions concerning pricing, product design or development, sourcing, manufacturing, marketing, customer selection or solicitation, territories, business strategy, or other decisions made using competitively sensitive information.

4.8 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.9 Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.10 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action or have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

4.11 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

4.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.13 Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

5. SCOPE

5.1 The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

5.2 Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

6. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

7. DESIGNATING PROTECTED MATERIAL

7.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. The "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation shall be limited to material satisfying the definition above and shall not be used merely because information is sensitive, embarrassing, unfavorable, or relevant to a disputed issue.

7.2 Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

7.3 If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.4 Manner and Timing of Designations. Except as otherwise provided in this Order (*see*, *e.g.*, Section 7.6 below), or as otherwise stipulated or ordered,

Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

7.5 Designation in conformity with this Order requires:

(1) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party shall affix the applicable legend, either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," to each page containing Protected Material. For native-format files, databases, media, or information not reasonably capable of page-by-page marking, the Producing Party shall identify the designation in the file name, production load file, storage medium, cover letter, or other reasonably conspicuous manner. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). The Receiving Party shall ensure that all copies of any Protected Material shall bear the same confidentiality designation given by the Producing Party. If Protected Material cannot be labeled as described in this Section, the Producing Party shall notify the Receiving Party in writing of the confidentiality designation.

(2) for depositions, a Party or Non-Party may designate testimony on the record during the deposition or, within thirty calendar days after counsel receives the final transcript, by identifying the specific pages and lines and the applicable designation. If a Party states on the record that the deposition is expected to involve HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material, the transcript and exhibits shall be treated temporarily as AEO during the thirty-day period; otherwise, they shall be treated temporarily as CONFIDENTIAL. After the period expires, only specifically designated portions shall remain Protected Material, subject to Section 7.7.

(3) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," or "AEO," as appropriate. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.6 A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. All material made available for inspection shall be treated temporarily as AEO until the Producing Party makes final designations and produces copies, unless the Producing Party identifies a lower temporary designation in writing. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "AEO" designation, as applicable, to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

7.7 Inadvertent Failures to Designate. Failure of a Party or Non-Party to designate or mark any document, thing, or testimony as "CONFIDENTIAL" or "AEO" as provided in this Order shall not preclude the Producing Party from thereafter in good faith making such a designation and requesting the Receiving Party to so mark and treat such documents and things as designated. Upon receipt of such notice, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge

the propriety of such designation(s). The Producing Party shall provide substitute copies of documents bearing the appropriate confidentiality designation. While the Receiving Party shall incur no liability for disclosures made prior to notice of such designations, any Receiving Party will make all reasonable efforts to retrieve any documents from anyone who had received the documents prior to the notification to the Receiving Party of the inadvertent failure to designate.

8. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

8.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq*.

8.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

9. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

9.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material disclosed or produced by another Party or Non-Party solely for prosecuting, defending, or attempting to settle this Action. Protected Material shall not be used, directly or indirectly, for any business, commercial, competitive, personal, regulatory,

trademark-prosecution, trademark-application, TTAB, foreign-proceeding, customer-solicitation, product-development, sourcing, pricing, or other purpose. Nothing in this Order restricts a Producing Party's use of its own information. Disclosure or use for another purpose requires the Designating Party's written consent or a court order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 16 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(1) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(2) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(3) Experts (as defined in this Order) of the Receiving Party, whether or not retained to testify at any oral hearing, to whom disclosure of Protected Material is reasonably necessary for this Action. Prior to the disclosure of Protected Material to any such Expert, Outside Counsel of Record for the Party making the disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a declaration in the form attached hereto as Exhibit A. It shall be the obligation of Outside Counsel of Record upon learning of any breach or threatened breach of this Stipulated Protective

Order by any such Expert, to promptly notify counsel for the Designating Party of such breach or threatened breach;

(4) the court and its personnel;

(5) court reporters and their staff;

(6) graphics, translation, design, and/or trial consulting service providers, including mock jurors who have agreed to be bound to the terms of this Stipulated Protective Order per the declaration attached hereto as Exhibit A, retained by a Party, provided that such persons are screened to ensure that no such person is a regular employee or agent of the Receiving Party or a regular employee or agent of a direct competitor of the Designating Party);

(7) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(8) during their depositions, witnesses in this Action (who are not otherwise permitted to receive Protected Materials) and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(9) photocopy, document imaging, and database service providers and consultants retained by Outside Counsel of Record to set up, maintain, and/or operate computer systems or litigation databases, or to convert data for inclusion in such databases, provided that each person receiving access has signed Exhibit A; and

(10) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

9.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(1) the Receiving Party's Outside Counsel of Record in this Action and employees of such counsel to whom disclosure is reasonably necessary for this Action;

(2) Experts who satisfy Sections 4.7 and 9.4, to whom disclosure is reasonably necessary for this Action, and who have signed Exhibit A;

(3) the Court and its personnel;

(4) court reporters, videographers, interpreters, and their staff engaged in this Action;

(5) Professional Vendors to whom disclosure is reasonably necessary for this Action, provided that each person receiving access has signed Exhibit A and is not an officer, director, employee, agent, or regular business adviser of a Party or direct competitor of the Designating Party;

(6) the author, an identified prior recipient, or a person who previously possessed or lawfully knew the specific information, but only to the extent of that person's prior knowledge or possession and provided that the person may not retain a copy unless otherwise authorized under this Order;

(7) a mediator or settlement officer, and supporting personnel, engaged by the Parties and bound by confidentiality obligations at least as protective as this Order; and

(8) any other person agreed to in writing by the Designating Party or

authorized by court order.

9.4 Disclosure of AEO Material to Experts

Before disclosing AEO material to an Expert, the Receiving Party shall provide the Designating Party with: (a) the Expert's name; (b) a current curriculum vitae; (c) the Expert's current employer; (d) a list of employment or consulting relationships during the preceding two years with any Party or known direct competitor of the Designating Party, without disclosure of privileged communications, litigation strategy, or the substance of any engagement; and (e) the Expert's executed Exhibit A.

The Designating Party shall have seven calendar days after receipt of the information required by Section 9.4 to object in writing, stating specific grounds. An objection must be based on a reasonable, good-faith belief that disclosure would create a substantial risk of competitive or other cognizable harm. No AEO material may be disclosed to the Expert while a timely objection remains unresolved.

Counsel shall meet and confer regarding the objection within seven calendar days after service of the objection, unless they agree otherwise in writing. If the objection is not resolved, the Designating Party must initiate the dispute-resolution process under Local Rule 37-1 et seq. within seven calendar days after the meet-and-confer and thereafter proceed diligently. If the Designating Party does not timely initiate that process, the objection shall be deemed withdrawn. The Designating Party bears the burden of establishing good cause to preclude or condition disclosure. The information provided under this Section may be used only to evaluate the proposed disclosure and shall itself be treated as CONFIDENTIAL.

9.5 Prohibited Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

(1) Except as expressly permitted under Section 9.3, and unless otherwise

ordered by the Court or permitted in writing by the Designating Party, material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to a Receiving Party itself or to any officer, director, employee, House Counsel, owner, member, agent, business consultant, distributor, reseller, supplier, manufacturer, customer, prospective customer, or other business representative of a Receiving Party.

(2) No person authorized to receive such material may disclose its substance, summarize it, or otherwise communicate information from which its protected contents reasonably could be reconstructed to any person who is not authorized to receive it under this Order.

9.6 Use of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material During Depositions, Hearings, and Other Proceedings.

(1) During a deposition in which material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is disclosed, displayed, or discussed, persons not authorized to receive such material under Section 9.3 shall be excluded during the disclosure, display, or discussion.

(2) Before using or disclosing such material at a hearing or other court proceeding, the Party seeking to use the material shall confer with the Designating Party and, if necessary, timely seek appropriate relief from the Court. The use and treatment of Protected Material at any hearing or other court proceeding shall be governed by the Court's orders and the applicable public-access standards.

(3) A witness who is not otherwise authorized to receive such material may be shown or questioned concerning it only if: (a) the witness authored the material; (b) the witness is identified on the face of the material or in an accompanying communication as a prior recipient; (c) the witness previously lawfully possessed or knew the specific information contained in the material; (d) the Designating Party

consents in writing; or (e) the Court orders the disclosure.

(4) Any disclosure under Section 9.6(3) shall be limited to the extent reasonably necessary to examine the witness concerning the witness's prior knowledge, receipt, or possession of the information.

(5) Unless otherwise authorized under this Order, the witness shall not be permitted to retain the material, any copy of it, or any notes reflecting its protected contents.

10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material designated under this Order, that Party must:

(1) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(2) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(3) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

(4) If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material designated under this Order before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as

authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

11.1 The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Material under this Order. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

11.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

11.3 If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality

agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court for its Protected Material.

12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

13.1 The inadvertent or unintentional production of information or documents that a Party or Non-Party later claims should not have been produced because they are protected by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or another applicable privilege or protection ("Inadvertently Produced Privileged Material") shall not be deemed to waive any privilege or protection. When a Producing Party gives notice to Receiving Parties that certain Inadvertently Produced Privileged Material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Prior to receipt of such notice, disclosure to persons not authorized to receive such information shall not be deemed a violation of this Stipulated Protective Order and shall not be deemed a waiver of any privilege or protection held by the Producing Party.

13.2 Within 14 calendar days of informing the Receiving Party of the inadvertent disclosure, the Producing Party shall identify the item or items of information on a privilege log and shall provide a replacement, redacted to obscure only the privileged or immune information, for any item that contains both privileged or immune and relevant non-privileged information. The return or destruction of any Inadvertently Produced Privileged Material shall not preclude the Receiving Party(ies) from moving the Court for an order compelling production of the Inadvertently Produced Privileged Material on a basis other than a waiver caused by the inadvertent or unintentional production. In connection with such a motion, the Producing Party shall provide a copy of the Inadvertently Produced Privileged Material to the Court so it can assess the Producing Party's claim of privilege. The Producing Party shall have the burden of establishing the existence of any privilege.

13.3 This Section 13 is not intended to modify any procedure established by an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d), the production or disclosure in this Action of a communication or information covered by the attorney-client privilege or work-product protection shall not constitute a waiver of that privilege or protection in this Action or in any other federal or state proceeding. This provision applies regardless of whether the production or disclosure was inadvertent and regardless of whether the Producing Party took reasonable steps to prevent the disclosure. Nothing in this Section limits a Receiving Party's right to challenge the existence or applicability of the asserted privilege or protection on any ground other than waiver resulting from the production or disclosure.

14. COUNSEL RENDERING ADVICE TO THEIR CLIENTS

Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients and, in doing so, relying generally on Protected Material,

including material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; provided, however, that Counsel shall not disclose, reveal, summarize, or describe the protected contents of such material to any person not authorized to receive it under this Order.

15. MISCELLANEOUS

15.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

15.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

15.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge. Nothing in this Order shall be construed as automatically permitting a Party to file under seal. Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a request to file Protected Material under seal is denied, any subsequent public filing shall be made only in accordance with Local Civil Rule 79-5 and any applicable order of the Court.

16. FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 6, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or certify in writing the destruction of all Protected Material and all copies thereof, unless such Protected Material has been filed or offered in evidence in the public record. As used in this Section, "all Protected

Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies, by category where appropriate, all Protected Material returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other format reproducing or capturing Protected Material, except as expressly permitted by this Section. Notwithstanding this provision, Outside Counsel of Record may retain one restricted archival copy of pleadings, filed papers, hearing and deposition transcripts, correspondence, legal memoranda, expert reports, exhibits used in depositions or court proceedings, attorney work product, and consultant and expert work product, provided that such archival material remains subject to this Order and is not used for any other purpose. This exception does not authorize retention of a separate production database or document-production set containing AEO material. Any archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

Protected Material stored on routine disaster-recovery or system-backup media need not be affirmatively deleted if it is not reasonably accessible in the ordinary course of business, provided that such material remains subject to this Order until overwritten or destroyed pursuant to the Receiving Party's ordinary retention practices and is not restored or accessed except for legitimate disaster-recovery or system-maintenance purposes.

17. VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions. Each

person who executes Exhibit A consents to the personal jurisdiction of this Court for purposes of proceedings relating to compliance with or violation of this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: August 11, 2026

SNELL & WILMER L.L.P.

By: */s/ Deborah A. Gubernick*
Deborah A. Gubernick
Aliya L. Astaphan
Morgan R. Povinelli (*pro hac vice*)

*Attorneys for Plaintiffs Vacu Activ Marcin Leśniak, VABody and Marcin Leśniak*

Dated: August 11, 2026

SILC, P.C.

By: /s/ *Sergiy M. Sivochek*
Sergiy M. Sivochek

*Attorneys for Defendants Nick Lakhomoff and Slim Wellness Studio LLC*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: 08/14/2026

HON. ROZELLA A. OLIVER
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________ [print or type full name], of __________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of ___________ [insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint __________________________ [print or type full name] of _________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ________________________________________

City and State where sworn and signed: __________________________________

Printed name: ________________________________

Signature: ___________________________________